IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA<br><br>            Plaintiff,<br><br>      vs.<br><br>D7 ROOFING, LLC, KEHER BROTHERS CONSTRUCTION, INC. and WESCLIN COMMUNITY UNIT DISTRICT #3,<br><br>            Defendants.<br><br>D7 ROOFING, LLC<br><br>            Counter-Plaintiff,<br><br>vs.<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA,<br><br>            Counter-Defendant. | Case No. 14-cv-635-SMY-DGW |

MEMORANDUM AND ORDER

This matter comes before the Court on its own initiative for purposes of case management. Specifically, the Court questions whether it is appropriate to exercise jurisdiction over this matter.

This case arises out of a property insurance claim filed by Wesclin Community Unit District #3 (the "School District") for damage to the roofing systems of schools located within the School District. Defendant D7 Roofing, L.L.C. ("D7") claims that it has a contract with Selective to replace the roofing systems. Selective filed this Action to obtain a declaratory judgment that it had entered into a binding settlement agreement regarding D7's contract claim.

The district court's authority to decide an action seeking declaratory judgment arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1986). Under the Act, however, a district court ought not grant declaratory relief unless there is an actual, "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

The decision of the district court to grant declaratory relief is discretionary. *Reno v. Catholic Social Servs., Inc.*, 509 U.S. 43, 57 (1993). But if the declaratory judgment will clarify and settle the disputed legal relationships and afford relief from the uncertainty and controversy that created the issues, it is usually resolved rather than dismissed. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987).

Courts have consistently articulated five factors to consider when determining whether to exercise their discretion and render declaratory judgment. The factors include: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction, and (5) whether there is an alternative remedy that is better or more effective. *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577 (7th Cir.1994).

It is within the court's discretion to deny declaratory relief when there is available a more appropriate form of relief. Although the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate, the court may properly decline

jurisdiction in declaratory action when another remedy would be more effective or appropriate. Fed. R. Civ. Pro. 57; See, e.g., *City of Highland Park v. Train,* 519 F.2d 681, 693 (7th Cir.1975). It is the finding of this Court that an action for breach of contract or an action to enforce settlement would be a more appropriate and effective remedy given the relevant allegations and claims.

Plaintiff has failed to demonstrate how the allowance of the instant declaratory judgment action would "effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." *Sears, Roebuck & Co. v. American Mutual Liability co*., 372 F.2d 435, 438 (7th Cir. 1967). Accordingly, the Court exercises its discretion to DISMISS this case in its entirety. The Court DIRECTS the Clerk to enter judgment accordingly.

.

IT IS SO ORDERED.

DATED: January 6, 2015

_/s/_ Staci M. Yandle
STACI M. YANDLE
DISTRICT JUDGE